MOTT'S SUPER MARKETS, INC. *v.* ATTILIO R.
FRASSINELLI

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 134480

Memorandum filed February 18, 1964

*Cooney & Scully,* of Hartford, for the plaintiff.

*Harold M. Mulvey,* attorney general, and *Raymond J. Cannon,* assistant attorney general, for the defendant.

HOUSE, J. This is an action for a declaratory judgment, brought by the plaintiff corporation, the operator of several supermarkets, against the defendant, the state commissioner of consumer protection, in which the plaintiff seeks a judgment determining whether or not the provisions of Public Act No. 466 enacted by the 1963 General Assembly (General Statutes § 42-114a) are constitutional "in that the language of said Act concerning proof of intent has the inevitable effect of placing on the plaintiff the burden of proving his innocence of a penal charge and in that the provisions of said Act constitute a denial of due process of law and are, therefore, invalid." By way of further relief, if the act is not valid and constitutional, the plaintiff seeks

an injunction restraining the defendant from taking any action against the plaintiff by virtue of the provisions of Public Act No. 466.

From the pleadings and the evidence produced at the trial of this action, it appears that the plaintiff has from time to time advertised to sell at retail items of merchandise at less than cost to it. It is the plaintiff's claim that this practice is done with the intent of attracting to its stores customers who, attracted by these advertised "loss leaders," will while in the store purchase other merchandise, resulting in a larger gross volume of business and consequent profit. It is also its claim that this is the sole purpose of such practice and that it is not done with "the purpose of injuring a competitor or destroying competition."

It appears that in bringing this action the plaintiff has complied with all the requirements of §§ 307-310 of the 1963 Practice Book, as authorized by § 52-29 of the General Statutes, concerning actions for declaratory judgments. It was also admitted during the trial that "there are actual, bona fide and substantial questions and issues in dispute between the parties, and substantial uncertainty of legal relations between them which require settlement and judicial determination." See Practice Book, 1963, § 309 (b).

The predecessor of the act under consideration was § 42-114 of the General Statutes, repealed as of June 24, 1963. This statute provided as follows: "No retailer shall, with intent to injure competitors or destroy competition, advertise, offer to sell or sell at retail any item of merchandise at less than cost to the retailer, and no wholesaler shall, with such intent, advertise, offer to sell or sell at wholesale any item of merchandise at less than cost to the wholesaler. Evidence of any advertisement, offer to

sell or sale of any item of merchandise by any retailer or wholesaler at less than cost to him shall be prima facie evidence of intent to injure competitors or destroy competition."

In *Mott's Super Markets, Inc.* v. *Frassinelli,* 148 Conn. 481, decided June 20, 1961, the Supreme Court of Errors, in a unanimous decision written by Baldwin, C. J., held that the provision in that statute making evidence of any advertisement to sell at less than cost "prima facie evidence of intent to injure competitors or destroy competition" was unconstitutional. This was because the statute was a penal one and the provision "creates a presumption of guilt and removes the presumption of innocence" which "constitutes a denial of due process of law and is therefore invalid." Id., 489, 491.

Subsequently, the 1963 session of the General Assembly expressly repealed this § 42-114 of the General Statutes and enacted Public Act No. 466. The only difference in language between the repealed § 42-114, which had been declared unconstitutional, and Public Act No. 466 is in the last sentence. In place of the words "Evidence of any advertisement, offer to sell or sale of any item of merchandise by any retailer or wholesaler at less than cost to him shall be prima facie evidence of intent to injure competitors or destroy competition," the 1963 Act substituted these words: "Repeated advertisements, offers to sell or sales of any item or items of merchandise by any retailer or wholesaler at less than cost shall be prima facie evidence of the purpose of injuring a competitor or destroying competition."

As the plaintiff's brief very cogently puts it: "It is apparent that the Legislature was singularly indifferent to the Court's reasoning and analysis of the issue."

It would be supererogatory to repeat or even attempt to summarize the lengthy decision of the Supreme Court of Errors, the ratio decidendi of which has already been hereinbefore indicated and which concludes (p. 491): "The fact that an article is advertised for sale or sold at less than cost to the seller does not, in and of itself, produce, naturally and logically, a belief that the advertisement or sale is intended to injure competition or destroy competition." Consequently, to hold that such advertisements or sales "shall be prima facie evidence of intent" to injure competitors or destroy competition "constituted a denial of due process of law and is therefore invalid."

A provision that "repeated" such advertisements shall be prima facie evidence of intent quite obviously does not cure the defect and is still open to the same constitutional objection that the provision creates a presumption of guilt and removes the presumption of innocence in a penal statute. As indicated in the Supreme Court of Error's decision (p. 492), the act "can operate effectively and fulfil its purpose without the invalid provision."

It is determined that the provisions of Public Acts 1963, No. 466, relating to the means of proving the purpose of injuring a competitor or destroying competition are unconstitutional and invalid.

It is anticipated that this determination of the question presented for decision in this action will render any order of this court by way of injunction unnecessary, but if the plaintiff presses for such further relief the court will entertain consideration of any proposed order consistent with this decision.